# Richmond

WALTER DEWEY DALTON v. BEVERLY ANNE LAWHORNE.

WALTER DEWEY DALTON v. MYRTLE LORENE STATON.

January 17, 1972.

Record Nos. 7637 and 7638.

Present, All the Justices.

*Wm. Rosenberger, Jr.,* for plaintiff in error in Record Nos. 7637 and 7638.

*William M. McClenny; William M. McClenny, Jr.,* for defendants in error in Record Nos. 7637 and 7638.

Per Curiam.

In these two companion cases, plaintiffs, Beverly A. Lawhorne and Myrtle L. Staton, obtained jury verdicts, upon which judgments were entered, against the defendant, Walter D. Dalton, for injuries sustained when the rear of an automobile driven by plaintiff Lawhorne, in which plaintiff Staton was a guest passenger, was struck by the

front of defendant's car. Plaintiff Lawhorne had stopped her car at a stop sign on an access road, Route 29A, at its intersection with an expressway, U.S. Route 29. She then started to enter the expressway, but stopped again to obtain a better look for oncoming traffic, when her car was struck. Defendant had stopped his car behind plaintiff Lawhorne's car when she stopped at the stop sign, and when her car moved he accelerated his car and looked to his left to see if traffic was clear on the expressway.

■ Defendant's sole contention on appeal is that the trial court erred in granting instruction No. 2, which reads as follows:

> "The Court instructs the jury that where two motor vehicles are traveling in the same direction, the driver of the front car owes no duty to the car in the rear except to use the highway in the customary way and as required by law, and until he has been made aware, or in the exercise of ordinary care should have been aware, of the presence of such rear car by signal or otherwise, he may assume, either that there is no other vehicle in his rear, or that, if there is one there, it is under such control as not to interfere with his free use of the road in any lawful manner."

The instruction was erroneous in that it told the jury that the plaintiff Lawhorne could assume that no car was traveling or stopped behind her until she was made aware "by signal or otherwise." It disregarded plaintiff-driver's common law duty to keep a proper lookout and her statutory duty to see that she could start or stop with reasonable safety before doing so, if such movement affected the operation of another car. Code § 46.1-217, as amended.

Thus in Record No. 7637, the judgment for plaintiff Lawhorne is set aside and the case is reversed and remanded for a new trial.

■ However, in the case of Myrtle L. Staton, Record No. 7638, the evidence shows that defendant was guilty of negligence which efficiently contributed to the accident in that he did not keep a proper lookout ahead. The contributory negligence of the plaintiff Lawhorne, if any, cannot be imputed to plaintiff Staton and does not bar her right of recovery against defendant. Hence the judgment for plaintiff Staton is affirmed.

*Judgment in Record No. 7637 is reversed and remanded for a new trial.*

*Judgment in Record No. 7638 is affirmed.*